UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
AMIR EVANS AND KASHIF BROWN,

                    Plaintiff,

          -against-

CITY OF NEW YORK; P.O. PAUL DONADIO (SHIELD NO. 9688); P.O. ROBERT GALARZA (Shield No. 18301); Lt. CLARENCE DAWSON; JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                    Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of Plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiffs Amir Evans and Kashif Brown ("Plaintiffs" or "Evans" and "Brown"), are African-American males, residents of Kings County in the City and State of New York.

8. Defendants Paul Donadio ("Donadio"), Robert Galarza ("Galarza') and Clarence Dawson ("Dawson") at all times relevant herein, were officers, employees and agents of the NYPD. Defendants are sued in their individual and official capacity.

9. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

### FIRST INCIDENT INVOLVING ONLY AMIR EVANS

13.     On May 10, 2014, at approximately 2:00 p.m. in the vicinity of Third Street and Avenue D in New York, NY plaintiff Evans was waiting for his girlfriend to meet him.

14.     As he waited, three plainclothes police officers, including defendants, approached Evans, identified themselves and began searching him. Plaintiff possessed nothing illegal.

15.     The officers then told Evans he was being arrested for "questioning on a murder."

16.     Plaintiffs were placed in an unmarked police car and taken to a police precinct.

17.     At the precinct Plaintiffs were taken into a room, told to remove all his clothes and intimately searched.

18. Plaintiffs were placed in a holding cell. He remained in that cell, while being questioned intermittently about a murder.

19. Plaintiff knew nothing about the murder.

20. After approximately ten (10) hours in custody, Plaintiffs were released.

21. Plaintiffs were given a ticket for "spitting on the sidewalk."

22. Plaintiff had not been spit on the sidewalk.

23. The officers fabricated these facts and prepared these documents in an effort to justify their illegal arrest of plaintiff.

24. Ultimately, all charges against plaintiff were dismissed.

25. Plaintiff suffered damage as a result of defendants' actions. Plaintiffs were deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, loss of property and damage to his reputation.

### SECOND INCIDENT INVOLVING BOTH AMIR EVANS AND KASHIF BROWN

26. On July 23, 2014, at approximately 4:30 p.m. plaintiffs were legally riding their bicycles in the vicinity of Madison and Columbia Streets in New York County.

27. There was a gray car following plaintiffs.

28. The gray car sped up, pulling in front of the plaintiffs and blocking their way.

29. A man, one of the defendants, exited the vehicle and identified himself

as a member of the NYPD.

30. Plaintiffs were taken to the precinct.

31. At the precinct, plaintiffs were strip-searched, each in the presence of the other.

32. After approximately six (6) hours in custody, plaintiffs were released.

33. Plaintiffs were given a ticket for "spitting on the sidewalk."

34. Plaintiff had not been spit on the sidewalk.

35. The officers fabricated these facts and prepared these documents in an effort to justify their illegal arrest of plaintiff.

36. Ultimately, all charges against plaintiff were dismissed.

37. Plaintiff suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, loss of property and damage to his reputation.

## FIRST CLAIM
## 42 U.S.C. § 1983

38. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

39. Defendants, by their conduct toward Plaintiff alleged herein, violated Plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

40. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
**Unlawful Stop and Search**

41. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

42. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

43. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
**False Arrest**

44. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

45. Defendants violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause.

46. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
**Unlawful Strip Search**

47. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

48. The defendants violated the Fourth and Fourteenth Amendments because they unlawfully subjected Plaintiff to a strip search without legal justification.

49. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

50. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

51. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

52. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth And Fourteenth Amendments.

53. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   October 24, 2014
         New York, New York

/ss/
Robert Marinelli
305 Broadway, 9th Floor
New York, New York 10007
(212) 822-1427

*Attorney for plaintiffs*